## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANTHONY JEANMARIE, III** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **JAMIE LYNN ROBERTS, LYFT, INC., AND INDIAN HARBOR INSURANCE COMPANY** | * * * | **MAGISTRATE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW COMES, through undersigned counsel, Defendant, Jaime Lynn Roberts ("Roberts"), who without waiving any defenses, claims, or causes of action, pursuant to 28 U.S.C. 1332, 1441 and 1446, respectfully provides notice and removes this civil action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and represents as follows:

### BACKGROUND

I.

Plaintiff, Anthony Jeanmarie, III, filed a *Petition for Damages* in the Civil District Court for the Parish of Orleans, State of Louisiana, on August 4, 2021, naming Lyft, Inc. ("Lyft"), Indian Harbor Insurance Company ("Indian Harbor"), and Jaime Lynn Roberts ("Roberts") as Defendants. The lawsuit seeks damages for injuries Plaintiff allegedly sustained in a motor vehicle collision in Orleans Parish on or about September 14, 2020. *See* Exhibit 1 – Petition for Damages.

II.

The Petition alleges that Plaintiff is "a person of the full age of majority and resident of and domiciled in the Parish of Orleans, State of Louisiana. Exhibit 1.

III.

The Petition alleges that Indian Harbor is a foreign insurance company; Lyft is a foreign corporation; and Roberts is "a person of the full age of majority who is domiciled in and a resident of the Parish of Houma, State of Louisiana and doing business in the Parish of Orleans, State of Louisiana." Exhibit 1 at par. I.  Notably, Plaintiff's Petition requested service on Roberts at 2747 Via Capri #1123, Clearwater, FL  44764.  *See* Service Instructions, Exhibit 1, Petition at p.7.

IV.

Notwithstanding Plaintiff's allegation that Roberts has never been domiciled in, or a resident of the "Parish of Houma" and/or "doing business in the Parish of Orleans" sufficient to establish permanent residency or domicile.

V.

Roberts is presently a resident of and domiciled in Florida, was a resident of Florida at the time of the accident on September 14, 2020, and was a resident of Florida at the time suit was filed on August 4, 2021, notwithstanding any time temporarily spent in Louisiana or other states while traveling in a recreational vehicle.

**VENUE**

VI.

The Petition for Damages was filed in Orleans Parish, the site of the accident.  Venue is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. 1441(a).

**TIMELINESS**

VII.

Roberts was located and received a copy of the Petition for Damages via electronic mail

from undersigned counsel on July 29, 2022. Plaintiff has not yet obtained service on Roberts, however, on or about August 2, 2022, Roberts consented to waive service and/or to allow undersigned counsel accept service on her behalf. A waiver of service will be executed where appropriate, with responsive pleadings to follow.

VIII.

This Notice of Removal is being filed within 30 days after receipt by Roberts, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. 1446(b)(1).

IX.

Roberts further submits this Notice of Removal is timely in that it is being filed within one year of commencement of the state court action.

### SERVICE AND CONSENT OF DEFENDANTS

X.

Defendant, Indian Harbor was served on August 13, 2021. Defendant, Lyft was served on January 13, 2022. Both Defendants have consented to the removal of the action, and reserve the right to supplement this Notice of Removal as additional information becomes available.[1] See *Consent to Removal* attached hereto.

### DIVERSITY OF CITIZENSHIP

XI.

This suit is removable to this Court and by virtue of the federal statues and acts of Congress, including 28 U.S.C. 1332 and 28 U.S.C. 1441, which provide federal district courts with original

---

[1] Indian Harbor filed a Notice of Removal on or about January 13, 2022 (Case 2:22-cv-00075; Rec.Doc. 1). Lyft submitted a Joinder and Consent to Notice of Removal on or about February 11, 2022 (Rec.Doc.9). By Order of May 13, 2022, the matter was remanded as untimely filed (Rec.Doc.14).

jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the matter is between citizens of different states.

XII.

Federal diversity jurisdiction is proper because there is complete diversity of citizenship between the parties both at the time of filing in state court and at the time of removal. *Coury v. Prot*, 86 F.3d 244, 249 (5th Cir.1996).

XIII.

The Petition alleges that "Plaintiff is a citizen of the State of Louisiana and domiciled in New Orleans, Orleans Parish." *See* Exhibit 1. Indian Harbor is alleged to be a "foreign insurance company licensed to do and doing business in the Parish of Orleans, State of Louisiana. *Id.* at par. I(A). Lyft, Inc. is alleged to be "a foreign corporation incorporated in California and doing business in the Parish of Orleans. *Id.* at par. I(B).

XIV.

Lyft, Inc. is incorporated in the State of Delaware, with its principal place of business in the State of California.

XV.

Indian Harbor Insurance Company is incorporated in the State of Delaware, with its principal place of business in Connecticut.

XVI.

Roberts is alleged by Plaintiff to be "domiciled in and a resident of the Parish of Houma, State of Louisiana," however this fact was contradicted by a request for service of the citation to an address in Florida, rather than any address in Houma or Terrebonne Parish.

XVII.

Domicile is established by a physical presence in a location, coupled with an intent to remain there indefinitely. *In re Ran*, 607 F.3d 1017, 1022 (5th Cir.2010). A person's domicile is "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.1974).

XVIII.

Roberts is presently a resident of and domiciled in the State of Florida; was a resident of the State of Florida at the time of the accident on September 14, 2020; and was a resident of the State of Florida at the time suit was filed on August 4, 2021, notwithstanding any time temporarily spent in Louisiana or other states while traveling in a recreational vehicle.

XIX.

Roberts held a Florida driver's license, had a vehicle registered in the State of Florida, and a Florida license plate. See Exhibit 2, *in globo*. At no time did she temporarily, or permanently establish a residence or domicile in Florida and her business was mobile and operated at multiple locations.

XX.

Because Plaintiff is a citizen of Louisiana, and the Defendants are citizens of other states (at the time of filing of the state court action and at the time of removal), complete diversity of citizenship exists between the parties in this case.

### AMOUNT IN CONTROVERSY

XXI.

Federal diversity jurisdiction is also proper because the matter in controversy allegedly

exceeds the sum or value of $75,000.00. A Defendant may establish the amount in controversy by either demonstrating that it is facially apparent from the Petition that the claim likely exceeds $75,000.00, or by setting forth facts in controversy to support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir.2002).

XXII.

Although Plaintiff does not plead a specific monetary amount of damages within the Petition, and Defendant denies any and all liability to the Plaintiff, it is apparent from the face of Plaintiff's Petition that the amount in controversy likely exceeds $75,000.00.

XXIII.

Plaintiff alleges that, as a result of the accident, on July 1, 2021, he was "required to undergo a microdiscectomy in the lumbar region of his spine" and that his "lower vertebrae was shattered in multiple pieces and required each piece to be removed." Exhibit 1, par. VIII. Plaintiff further claims that he "will more than likely require additional surgeries in the future." *Id.*

XXIV.

Plaintiff's Petition asserts claims for: past, present and future physical pain and suffering; past, present and future mental anguish and emotional distress; medical expenses; loss of present and future earning capacity; disability; loss of enjoyment of life and disruption of family life; lost wages; and other damages to be proven at trial. Exhibit 1 at par. IX.

XXV.

The Fifth Circuit has recognized that pleading general damages, even without specificity, will support a "substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir.1999).

XXVI.

In *Badeaux v. Eymard Brothers Towing Company, Inc.,* 2:10-cv-13427 (E.D. La. 11/29/21), plaintiff suffered a L1 and L2 compression fracture which was treated with multiple surgeries. General damages of $500,000.00 were awarded. Similarly, in *Simon v. Automobile Club Inter-Insurance Exchange,* a jury's award was increased on appeal to $175,000.00 when a L3-4 herniation was initially treated with a microdisectomy, followed by an injection and then fusion surgery. (La.App.5 Cir. 10/13/21). Finally, in *Raymond v. Depositors Inc. Co.*, 227 So.3 871 (La.App.5 Cir. 09/08/17), an appeal was dismissed of a jury verdict for general damages of $772,916.00 for a L4-5 and L5-S1 micrdisectomy and rhizotomy, with future fusion surgeries contemplated.

XXVII.

Based on the above quantum, Plaintiff's injuries as pled could garner a general damage award significantly higher than the jurisdictional requisite.

XXVIII.

Outside of the Petition for Damages, however, Plaintiff's October 14, 2021 Settlement Demand letter for $1,000,000.00 policy limits calculates Plaintiff's general damages at $721,000,00 and special damages to include: $104,119.55 in past medical expenses, $214,841.00 in future medical expenses, $80,226.00 for future left shoulder arthroscopy, $267,351.00 for future two-level cervical fusion, $14,000.00 in lost wages, $3,700.00 in lost household services, and $112.32 in mileage related to medical treatment, for a total demand of $1,405,419.87. *See* Settlement Demand, attached hereto as Exhibit 3.

XXIX.

Similar settlement demands have been accepted as "relevant evidence" of the amount in

controversy within this Court, and have been noted to evidence the amount in controversy insofar as they represent an actual valuation of plaintiff's claims. *See Marullo v. Dollar Gen. Corp.*, No. 2:14-cv-1131, 2014 WL 3587879 at *2 (E.D.La. 7/21/14) (offering a collection of cases) and *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927 at *4 (E.D.La. 7/10/13) (finding defendant met its burden of proving, through summary judgment-type evidence, that the amount in controversy likely exceeded the jurisdictional minimum based on a copy of a settlement demand that assessed Plaintiff's damages at $80,000, an amount in excess of the minimum).

XXX.

Without considering any general damage awards, the past medical expenses of $104,119.55 offered in Plaintiff's settlement demand exceed the amount in controversy requirement for jurisdiction.

XXXI.

Based on the general and special damages Plaintiff seeks and treatment already purportedly undergone to date, the jurisdictional amount in controversy requirement is satisfied sufficient to establish jurisdiction under 28 U.S.C. 1332.

XXXII.

This removal is without prejudice to, and Defendant specifically reserves her right to assert all claims, causes of action, exceptions, defenses, objections, answers, denials, assertions and allegations, including specifically, an objection to this Court's exercise of personal jurisdiction.

XXXIII.

This Notice of Removal has been provided to all counsel of record. A separate Notice of removal, and a copy of this Notice of Removal, will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, as mandated by 28 U.S.C. 1446(d).

WHEREFORE, Defendant, Jaime Lynn Roberts, hereby removes this action from the Civil District Court for the Parish of Orleans, to the United States District Court for the Eastern District of Louisiana.

| CERTIFICATE OF SERVICE | Respectfully submitted, |
|---|---|
| I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:<br><br>[ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[ x ] Electronic Delivery<br><br>This 4th day of August, 2022.<br><br>_____/s/ Sara P. Scurlock_____ | **STAINES, EPPLING & KENNEY**<br><br>_____/s/ Sara P. Scurlock_____<br>**SARA P. SCURLOCK (30051)**<br>**MICHAEL W. MALDONADO (39266)**<br>3500 North Causeway Blvd., Suite 820<br>Metairie, LA 70002<br>Telephone: (504) 838-0019<br>Fax: (504) 838-0043<br>*Counsel for Jaime Lynn Roberts* |