ORLEANS PARISH CIVIL DISTRICT COURT
STATE OF LOUISIANA

CASE NO.: 2021-6613     DIVISION: M-13

**ANTHONY JEANMARIE III**

**VERSUS**

**INDIAN HARBOR INSURANCE COMPAY, LYFT INC, AND JAMIE LYNN ROBERTS**

FILED: _____     DEPUTY CLERK: _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff Anthony Jeanmarie III, a person of the full age of majority and resident of and domiciled in the Parish of Orleans State of Louisiana, who avers and allege as follows:

I.

Made defendants herein are:

A Indian Harbor Insurance Company ("Indian Harbor"), a foreign insurance company licensed to do and doing business in the Parish of Orleans, State of Louisiana.

B. Lyft, Inc. ("Lyft"), a foreign corporation incorporated in California and doing business in in the parish of Orleans, Louisiana.

C. Jamie Lynn Roberts ("Roberts") a person of the full age of majority who is domiciled in and a resident of the Parish of Houma, State of Louisiana and doing business in the Parish of Orleans, State of Louisiana.

II.

Indian Harbor Insurance company, Lyft, Inc, and Jamie Lynn Roberts (collectively the "Defendants") are jointly, severally, and *in solid* liable to Plaintiff for damages complained of herein for the following reasons, to wit:

III.

This matter arises out of an automobile collision between plaintiff and defendant Jamie Lynn Roberts ("Roberts"), which occurred in Orleans Parish, Louisiana on September 14, 2020. Venue is proper pursuant to La. C.C.P. art. 74 because the wrongful conduct occurred in Orleans Parish, as well as the damages that were sustained. which is the subject of this petition.

EXHIBIT 1

IV.

At the time of the collision, Ms. Roberts was employed by Lyft, transporting a passenger for the rideshare company. On September 14, 2020, Mr. Jeanmarie was traveling on a main throughfare when his vehicle was struck by Jamie L. Roberts. At the time of the collision, Defendant Roberts was under the employ of Lyft, and was operating her vehicle during the course and scope of her employment and on behalf of Lyft.

V.

Immediately preceding the collision, Plaintiff was in the left lane travelling Northbound on Downman Rd. Ms. Roberts was on Dreux Avenue traveling Westbound. According to the incident report, I-17732-20, it states that driver of vehicle #1 (Ms. Roberts) proceeded through the stop sign on Dreux Avenue and Downman Rd. without stopping. The report also indicates that the stop sign was visible at the time of the collision in question.

VI.

Defendant Roberts appeared to be severely injured and required immediate treatment. Emergency responders arrived shortly after the collision and transported Defendant Roberts to the hospital prior to the officers' arrival. Plaintiff was in significant pain, however he remained on scene until police officers arrived.

VII.

Upon arrival, NOPD spoke with Plaintiff who indicated he was traveling on Downman Rd. when Defendant Roberts emerged from a side street and unsuccessfully attempted to cross Downman Rd. After the collision, the Plaintiff took various photographs and videos of the vehicle and surrounding area. According to the police report, the officer observed the intersection of Downman and Dreux Ave, nothing that "there was brush near the stop sign, however the stop sign was visible." The property damage and physical evidence corroborates Plaintiff's assertions as well as the Officer's observations.

VIII.

On July 1, 2021, Plaintiff was required to undergo a microdiscectomy in the lumbar region of his spine. Plaintiff's lower vertebrae was shattered in multiple pieces and required each piece to be removed. At this time, the extent of his injuries and its impact on his future is still currently unknown. Plaintiff is still being treated for his injuries and will more than likely require additional surgeries in the future.

2

IX.

As a result of this accident and defendant's negligence, Petitioner has suffered the following injuries and damages, including but not limited to:

- A. Past, present, and future physical pain and suffering;
- B. Past, present, and future mental anguish and emotional distress;
- C. Medical expenses;
- D. Loss of present and future earning capacity;
- E. Disability;
- F. Loss of enjoyment of life and disruption of family life;
- G. Loss wages; and
- H. Any other damages shall be obtained through discovery and/or proved at trial.

X.

Defendants were negligent in this matter in the following non-exclusive respects:

- A. Driving at an excessive speed;
- B. Following too closely;
- C. Failure to operate her vehicle in a careful manner;
- D. Failure to maintain a proper lookout;
- E. Failure to maintain control of his vehicle;
- F Failure to see what he should have seen;
- G. Failure to comply with applicable ordinances and laws;
- F. Impaired
- G. Inattentive or distracted;
- H. Failing to take appropriate action or avoid or mitigate the accident, when, in the exercise of due care he should have had ample time and opportunity to do so;
- I. Exceeding the posted speed limit or exceeding a safe speed limit or exceeding a safe speed limit;
- J. Violating the motor vehicle and traffic laws and ordinances of the State of Louisiana and the Parish of Orleans;
- K. Negligent hiring and entrustment
- L. Failure to supervise, institute, promulgate, train, and impose appropriate guidelines and restrictions in the use of automobiles; and
- M. Other acts of fault and negligence shall be obtained through discovery and/or proved at trial.

3

XI.

**DEFENDANT ROBERTS' NEGLIGENCE**

Pursuant to the Louisiana Civil Code, every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill. La. Civ. Code 2316. Defendant Roberts' actions wholly caused the injuries and damages to Plaintiff.

XII.

In *Gautreaux*, the court concluded that the "motorist, whether or not she stopped at stop sign, was negligent in entering intersection when automobile on favored street was so close that motorist's entry would result in collision, and such negligence was proximate cause of collision." *Gautreaux v. Southern Farm Bureau Cas. Co.* 83 So. 2d 667 (La. Ct. App. 1955)

XIII.

The court in *Gautreaux* also stated that the Plaintiff automobile driver on favored thoroughfare was under no duty, even if maintaining adequate lookout, to expect defendant motorist to proceed into intersection if motorist had stopped or was slowing down for stop sign. Id.

XIV.

Defendant Roberts failed in her duty to act reasonably and use due care while driving. Defendant Roberts failed to pay attention to traffic and to maintain a proper lookout when she entered the intersection in question. Defendant Roberts' failure to reduce the speed of her vehicle and maintain a proper distance between vehicles is also a contributing cause of Plaintiff's injuries and damages.

XV.

**LYFT'S LIABILITY**

Under vicarious liability statute, an employer can be held liable for an employee's tortious conduct only if the injuring employee is acting within the course and scope of his employment. Ellender v. Neff Rental, Inc., App. 1 Cir.2007, 965 So.2d 898, 2006-2005 (La.App. 1 Cir. 6/15/07).

XVI.

At the time of the accident Defendant Roberts was driving a vehicle during the course and scope of her employment with "Lyft" when she struck Plaintiff's vehicle. Lyft verified to Plaintiff's counsel that Defendant Roberts was using the app and had a passenger in tow at the time of the collision. Lyft is a rideshare company that provides transportation for its customers. It is without questions that Defendant Roberts was operating her vehicle during the course and scope of her employment with Lyft. Lyft has a duty to hire responsible drivers, provide qualified training, and reasonable supervision of their drivers.

XVII.

**INDIAN HARBOR INSURANCE COMPANY'S LIABILITY**

At the time of the collision, Indian Harbor, had in full force and effect a policy of insurance, under the terms, conditions, and promises of which said company assumed liability for damages such as those sued herein by Plaintiff, including but not limited to UM, PIP, and medical payments.

**WHEREFORE**, Petitioner, ANTHONY JEANMARIE III, prays that defendants, INDIAN HARBOR INSURANCE COMPANY, LYFT INC, AND JAMIE LYNN ROBERTS, be duly cited and served with a copy of this *Petition for Damages,* and after due proceedings, there be a judgment in favor of petitioner, ANTHONY JEANMARIE III, and against defendants, INDIAN HARBOR INSURANCE COMPANY, LYFT INC, AND JAMIE LYNN ROBERTS, for all amounts commensurate with their damages, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, for all expert fees, penalties, attorney fees, and for all general and equitable relief deemed proper and reasonable by this Honorable Court.

Respectfully Submitted,

*[signature]*
MARC J. HOERNER JR. (No. 37470)
DEFENSE ON DEMAND, LLC
2483 Burgundy St.
New Orleans, LA 70117
Telephone: 504-388-6480
Facsimile: 504-467-0841
Email: mhoerner@defenseondemand.org

A TRUE COPY
*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically served a true and correct copy of the foregoing to:

| | |
|---|---|
| **JAMIE L ROBERTS, LYFT, INC, AND INDIAN HARBOR INSURANCE CO.**<br>*Through her Claim's Professional*<br>Devin Huggins<br>Constitution State Services<br>Western Gulf Claim Center<br>P.O. Box 660889<br>Dallas, TX 75266-0889<br>dphuggin@travelers.com | |
| | |

This 4th day of **August 2021**

## VERIFICATION

BEFORE ME, the undersigned authority personally appeared:

**JAMIE LYNN ROBERTS**

who after being duly sworn, did depose and state that she participated in the preparation of and has read the Answer to the Petition for Damages and that same are true and correct according to her knowledge, information, and belief.

_____, Louisiana, this \_\_\_\_\_ day of _____ 2021.

_____
**JAMIE LYNN ROBERTS**

Sworn to and Subscribed

Before Me, on This _____ day of _____ 2021.

_____
Notary Public Name

_____
Notary Public Signature

**PLEASE SERVE:**

**INDIAN HARBOR INSURANCE COMPANY**
*Through Louisiana Secretary of State*
8585 Archives Ave.
Baton Rouge, LA 70809

**PLEASE PREPARE CITATION AND PETITION FOR SERVICE PURSUANT TO LOUISIANA'S LONG ARM STATUTE:**

**LYFT, INC**
185 Berry Street, Suite 5000
San Francisco, CA 94107

**JAMIE L. ROBERTS**
2747 VIA CAPRI #1123
Clearwater, FL 44764

\*\*\*\*\*\*\*END OF PETITION\*\*\*\*\*\*\*