UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY JEANMARIE, III                          CIVIL ACTION

VERSUS                                          NO. 22-2500

INDIAN HARBOR INSURANCE CO. et al.              SECTION: G

## ORDER AND REASONS

Before the Court is Plaintiff Anthony Jeanmarie, III's ("Plaintiff") "Motion to Remand."[1]

Defendant Jamie Lynn Roberts ("Roberts") opposes the motion.[2] Having considered the motion,

the memoranda in support and in opposition, the record, and the applicable law, the Court grants

the motion.

## I. Background

This litigation arises out of an automobile collision between Plaintiff and Roberts.[3] Plaintiff

filed a Petition in the Civil District Court for the Parish of Orleans on August 4, 2021.[4] According

to the Petition, on September 14, 2020, Roberts ran a stop sign at the corner of Dreux Avenue and

Downman Road in New Orleans, Louisiana, and struck Plaintiff's vehicle.[5] In the Petition,

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 10.

[3] Rec. Doc. 2-1.

[4] *Id.*

[5] *Id.* at 2.

1

Plaintiff alleges that Roberts is a citizen of Louisiana.[6] Plaintiff also asserts claims against Roberts'
alleged employer, Lyft, Inc. ("Lyft"), and Indian Harbor Insurance Company ("Indian Harbor").[7]

Plaintiff filed this case in the Civil District Court for the Parish of Orleans on August 4,
2021.[8] On January 13, 2022, Indian Harbor removed the action to this Court for the first time,
asserting subject matter jurisdiction under 28 U.S.C. § 1332.[9] At that time, Roberts had not been
served. In the first Notice of Removal, Indian Harbor asserted that removal is timely because it
was filed within thirty days of Indian Harbor learning that the case was removable.[10] Specifically,
Indian Harbor averred that on December 14, 2021, it learned from Plaintiff's counsel that Roberts
was in fact a citizen of Florida, not Louisiana.[11] Indian Harbor asserted this established complete
diversity among the parties and gave notice to Indian Harbor that the case was removable.[12]

Plaintiff then filed a motion to remand, arguing that the removal was untimely and that
Defendants had not established complete diversity.[13] On May 13, 2022, this Court granted the
motion to remand.[14] The Court found that the first removal was untimely because Indian Harbor
removed the case more than thirty days after it received discovery responses indicating that

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1.

[9] Case No. 22-75, Rec. Doc. 1.

[10] *Id.* at 2–3.

[11] *Id.*

[12] *Id.*

[13] Case No. 22-75, Rec. Doc. 7.

[14] Case No. 22-75, Rec. Doc. 14.

Roberts may have been domiciled in Florida.[15] Additionally, the Court found that Indian Harbor, as the removing party, had not carried its burden to show that the parties were completely diverse.[16]

On August 4, 2022, Roberts removed the case to this Court for a second time.[17] In the notice of removal, Roberts asserts that removal was timely because it was filed within thirty days of her receipt of the initial pleading.[18] Roberts states that her attorney received a copy of the Petition from Plaintiff's counsel on July 29, 2022, and Roberts agreed to waive service on August 2, 2022.[19] Roberts also asserts that she "is presently a resident of and domiciled in Florida."[20] Roberts states that she "was a resident of Florida at the time of the accident on September 14, 2020, and was a resident of Florida at the time suit was filed on August 4, 2021, notwithstanding any time temporarily spent in Louisiana or other states while traveling in a recreational vehicle."[21] On September 2, 2022, Plaintiff filed the instant motion to remand, once again arguing that the removal was untimely and that Roberts has not established complete diversity.[22] On September 13, 2022, Roberts filed an opposition to the motion.[23]

---

[15] *Id.* at 10.

[16] *Id.* at 11.

[17] Rec. Doc. 2.

[18] *Id.* at 3.

[19] *Id.* at 2–3.

[20] *Id.* at 2.

[21] *Id.*

[22] Rec. Doc. 8.

[23] Rec. Doc. 10.

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of Remand*

In the motion, Plaintiff argues that removal was improper for two reasons.[24] First, Plaintiff contends that the removal was untimely.[25] Plaintiff asserts that a notice of removal must be filed within one year of the commencement of the action.[26] Plaintiff asserts that Roberts attempted to remove the action on August 4, 2022, but the removal was not entered in the system until August 5, 2022.[27]

Second, Plaintiff contends that Roberts failed to establish complete diversity of citizenship.[28] Plaintiff asserts that Roberts has not provided sufficient evidence to establish her domicile in Florida at the time of the collision in question or at the time the Petition for Damages was filed.[29] Plaintiff argues that, at the time of the collision, "Roberts was residing and working in Louisiana for Lyft, Inc."[30] Plaintiff avers that Roberts' former Florida address is listed on the police report because that was the address listed on Roberts' driver's license.[31] Plaintiff contends that a LexisNexis person search revealed census data that placed Roberts at an address in Harvey, Louisiana, in August 2020, approximately one month before the collision.[32] Plaintiff states that

---

[24] Rec. Doc. 8-1.

[25] *Id.* at 2.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

attempts were made to serve Roberts at the address in Florida listed on the police report, but the U.S. Postal Service returned the mail with the code "ANK" (address not known).[33] Plaintiff also points out that Roberts' "husband appeared on scene to check on his wife shortly after the collision."[34] Therefore, even if Roberts was once a resident of Florida, Plaintiff avers that Roberts was a citizen of Louisiana at the time of the collision and the filing of the petition.[35]

**B.    *Roberts' Arguments in Opposition***

In opposition, Roberts advances two arguments. First, Roberts asserts that the Notice of Removal was timely filed on August 4, 2022.[36] Roberts contends that Plaintiff's argument to the contrary is unfounded as the record clearly shows that the notice was filed on August 4, 2022.[37]

Second, Roberts contends that Plaintiff has failed to set forth evidence of any intent on the part of Roberts to remain in Louisiana that would be sufficient to overcome the presumption that her domicile was Florida but changed to Louisiana.[38] Roberts asserts that her "temporary presence in Louisiana at the time of the collision or at any time thereafter, without the intent to remain, cannot establish domicile in Louisiana or otherwise overcome her established domicile in Florida."[39] Roberts argues that Plaintiff has the burden to show a change in domicile, and Plaintiff has offered nothing to indicate that Roberts intended to change her domicile from Florida to

---

[33] *Id.*

[34] *Id.* at 5.

[35] *Id.* at 6.

[36] Rec. Doc. 10 at 2.

[37] *Id.*

[38] *Id.* at 4.

[39] *Id.* at 5.

Louisiana.[40] Roberts contends that she maintains a Florida driver's license, registration, and insurance, and she maintains a Florida cell phone number and address.[41] According to Roberts, she was temporarily staying in an RV in Louisiana when the accident occurred, and the date of the accident was her first time operating on the Lyft platform.[42] Roberts asserts that she lacked the intent to remain in Louisiana, she returned to Florida regularly to visit her children, and she has returned to Florida permanently.[43] Therefore, Roberts argues that the motion should be denied because she was a "citizen of the State of Florida at the time of the accident on September 14, 2020; was a citizen of the State of Florida at the time suit was filed on August 4, 2021; and is presently a citizen of and living in the State of Florida (including on August 4, 2022, when removal was filed)."[44]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[45] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceed the sum or value of $75,000" and the action "is between citizens of different states."[46] When removal is based on diversity of citizenship, the diversity "must exist both at the time of filing in state court and at the time of the removal."[47] "If diversity

---

[40] *Id.* at 5–6.

[41] *Id.* at 6.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 8.

[45] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[46] 28 U.S.C. § 1332(a)(1).

[47] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties."[48] The removing party bears the burden of demonstrating that federal jurisdiction exists.[49] On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[50]

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural person in § 1332 diversity cases:

> The [F]ourteenth [A]mendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[51]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[52] The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely."[53] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[54]

---

[48] *Id.*

[49] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[50] *See, e.g.*, *Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007).

[51] *Coury*, 85 F.3d at 248 (internal citations omitted).

[52] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797, 797–98 (5th Cir. 2007).

[53] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)).

[54] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citation and quotation marks omitted).

"A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[55] "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there."[56] However, "[t]here is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established."[57]

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[58] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[59] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[60]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited

---

[55] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston*, 485 F.3d at 797–98).

[56] *Mas*, 489 F.2d at 1399.

[57] *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (citing 15 Moore's Federal Practice, § 102.34 (3d ed. 2001)).

[58] *Coury*, 85 F.3d at 251.

[59] *Id.*

[60] *Id.* at 249.

jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[61] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[62]

Additionally, 28 U.S.C. § 1446(b) governs the time limitations for removal of a case to federal court. Generally, a notice of removal must be filed within thirty days of the defendant receiving a copy of the initial pleading.[63] Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[64] Additionally, cases removed on the basis of diversity may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." [65]

## IV. Analysis

Plaintiff moves the Court to remand this case, arguing that the removal was untimely and the parties are not completely diverse.[66] Roberts opposes the motion, arguing that the removal was timely and that the parties are completely diverse.[67]

---

[61] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[62] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[63] 28 U.S.C. § 1446(b)(1).

[64] *Id.* § 1446(b)(3).

[65] *Id.* § 1446(c)(1).

[66] Rec. Doc. 8.

[67] Rec. Doc. 10.

When this case was first removed by Indian Harbor, Roberts had not been served. The Court remanded the matter because it found that the removal was untimely.[68] Specifically, the Court found that the removal was untimely because Indian Harbor removed the case more than thirty days after receipt of discovery responses reflecting Roberts' purported Florida address.[69] The Court reasoned that Indian Harbor could have ascertained from the discovery responses that the case was removable, and therefore the removal by Indian Harbor was untimely.

This reasoning does not apply to the second removal by Roberts. The parties do not dispute that Roberts removed the case within thirty days of her receipt of the Petition.[70] Nevertheless, Plaintiff contends that the removal was untimely because it was filed more than one year after the action commenced. This argument is unavailing. Plaintiff's argument that the case was removed on August 5, 2022 is incorrect. The document Plaintiff cites for this proposition is not the Notice of Removal, but a directive of the Clerk of Court dated August 5, 2022, directing the removing party to file copies of all state court pleadings.[71] The record clearly reflects that the Notice of Removal was filed on August 4, 2022.[72] The case was filed in state court on August 4, 2021,[73] and it was removed on August 4, 2022.[74] Accordingly, the case was timely removed by Roberts within thirty days of her receipt of the Petition and within one year of the action's commencement.

---

[68] Case No. 22-75, Rec. Doc. 14 at 11–12.

[69] *Id.* at 10.

[70] 28 U.S.C. § 1446(b)(1).

[71] *See* Rec. Doc. 4; Rec. Doc. 8-2 at 18.

[72] *See* Rec. Doc. 4; Rec. Doc. 8-2 at 18.

[73] Rec. Doc. 2-1.

[74] Rec. Doc. 2.

Plaintiff also argues that Roberts has failed to establish that the parties are completely diverse.[75] Roberts responds that Plaintiff has the burden to show a change in domicile, and Plaintiff has offered nothing to indicate that Roberts intended to change her domicile from Florida to Louisiana.[76]

Roberts suggests that Plaintiff bears the burden of showing a change in domicile. The Fifth Circuit has noted that "[w]hile some opinions seem to imply that the burden of persuasion rests with the party attempting to show a change of domicile, this is an overstatement."[77] Rather, "[t]he proper rule is that the party attempting to show a change assumes the burden of going forward on that issue [but] [t]he ultimate burden on the issue of jurisdiction rests with . . . the party invoking federal jurisdiction."[78] Therefore, the ultimate burden on the issue rests with Roberts, because she is the party invoking federal jurisdiction.

In *Acridge v. Evangelical Lutheran Good Samaritan Society*, the Fifth Circuit provided a thorough explanation of how a person's domicile can change:

> A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change. There is a presumption of continuing domicile that applies whenever a person relocates. In order to defeat the presumption and establish a new domicile (the "domicile of choice"), the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely.[79]

Roberts suggests that Plaintiff has failed to prove a change in domicile. However, there is not even sufficient evidence for the Court to determine Roberts' domicile of origin. The parties

---

[75] Rec. Doc. 8-1 at 5–6.

[76] Rec. Doc. 10 at 5–6.

[77] *Coury*, 85 F.3d at 250.

[78] *Id.* (internal citations omitted).

[79] *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

each point to conflicting evidence of where Roberts was domiciled. Plaintiff asserts that Roberts was a citizen of Louisiana because she was working for Lyft in New Orleans at the time of the collision, Roberts' "significant other appeared at the crash site shortly after the collision," a LexisNexis search produced a Louisiana address for Roberts, and Plaintiff's attempt to serve Roberts at her alleged Florida address was returned due to an unknown address.[80] Roberts points to the police report, Roberts' vehicle registration and driver's license, and her cell phone number as evidence that she is domiciled in Florida.[81] In her Opposition, Roberts suggests that she was only living in Louisiana temporarily. Roberts asserts that she was living in an RV in Louisiana and would return to Florida to visit her children.[82] However, Roberts offers no evidentiary support for these assertions. Plaintiff has come forward with some evidence suggesting a Louisiana domicile. As the party asserting jurisdiction, it is Roberts' burden to demonstrate that federal jurisdiction exists.[83] Moreover, because the "removal statute should be strictly construed in favor of remand,"[84] "courts reviewing motions to remand and finding that neither plaintiff nor the removing defendant have offered sufficient evidence on the issue of citizenship resolve the matter in favor of remand."[85]

Accordingly,

---

[80] Rec. Doc. 8-1 at 4–6.

[81] Rec. Doc. 10 at 4–7.

[82] *Id.*

[83] *See Allen*, 63 F.3d at 1335.

[84] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[85] *See, e.g.*, *Ramsey v. Chhean*, No. 20-2557, 2020 WL 7422913, at *4 (E.D. La. Dec. 18, 2020) (Africk, J.); *Robert v. Lambert*, No. 16-13746, 2016 WL 5662867, at *2 (E.D. La. Oct. 3, 2016) (Engelhardt, J.).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[86] is **GRANTED**. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA**, this 17th day of October, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[86] Rec. Doc. 8.